UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>Oscar CARMONA-Garcia,<br><br>    Defendant(s) | Magistrate Case No. 07 MJ 2963<br><br>BY: _____ DEPUTY<br><br>COMPLAINT FOR VIOLATION OF:<br><br>Title 8 U.S.C., Sec. 1324 (a)(1)(A)(ii)<br>Transportation of Illegal Aliens |

The undersigned complainant, being duly sworn, states:

On or about **December 23, 2007**, within the Southern District of California, defendant **Oscar CARMONA-Garcia** with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, namely, **Enrique MARTINEZ-Del Rio, Cresencio VENEGAS-Granados, and Leonardo CASTILLO-Moreno** had come to, entered and remained in the United States in violation of law, did transport and move, said aliens within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii).

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **26th** DAY OF **DECEMBER, 2007.**

_____
Leo S. Papas
UNITED STATES MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT

I declare under the penalty of perjury that the following statement is true and correct:

Furthermore, the complainant states that **Enrique MARTINEZ-Del-Rio, Crescencio VENEGAS-Granados, and Leonardo CASTILLO-Moreno** are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena; and they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On December 23, 2007, Border Patrol Agents J. Roman Jr. and J. Rivera were conducting line watch operations in the Imperial Beach Border Patrol Station area of operations. At approximately 10:05 A.M., they received an Agency radio broadcast from Border Patrol Agent J. Welch, who was operating a camera at the Remote Video Surveillance System (RVSS) center, of a person climbing the secondary border fence and running northbound in an area referred to as "625". "625" is approximately four and one-half miles east of the San Ysidro, California Port of Entry, and adjacent to the United States/Mexico International Border Fence. Agents Roman and Rivera responded north of that location. Agent Rivera spoke to a security guard in a parking lot who stated that he had seen several subjects get into a silver four door car and drive to the north. Agent Roman drove north on La Media Road, which is the closest main north/south road in the area. Agent Roman observed a silver car driving north on La Media Road, and he followed the car. Agent Roman identified it as a four door Mercury Sable, bearing California license plate and observed at least four persons inside the car. Agent Roman, who was driving a marked Agency vehicle with fully operational emergency lights and siren, conducted a vehicle stop at the intersection of La Media Road and St. Andrews Avenue. At that time, Agent Rivera arrived on the scene.

Agent Roman approached the driver of the sedan, identified himself as a U.S. Border Patrol Agent, and conducted an immigration inspection on the driver, later identified as the defendant **Oscar CARMONA-Garcia**. The defendant stated that he was a U.S. citizen, and that he was born in Chula Vista, California. Agent Rivera approached the passenger side of the sedan, identified himself as a U.S. Border Patrol Agent, and conducted an immigration inspection on the front seat passenger, later identified as Crescencio VENEGAS-Granados, who freely admitted to being a citizen and national of Mexico, present without proper immigration documents to be, or remain in the United States legally. Agent Rivera then conducted an immigration inspection on the passenger side back seat passenger, later identified as Leonardo CASTILLO-Moreno, who freely admitted to being a citizen and national of Mexico, present without proper immigration documents to be, or remain in the United States legally. At that time, Agent Rivera placed both subjects under arrest. Agent Roman then conducted an immigration inspection on the driver side back seat passenger, later identified as Enrique MARTINEZ-Del Rio, who freely admitted to being a citizen and national of Mexico, present without proper immigration documents to be, or remain in the United States legally. Agent Roman placed both MARTINEZ, and the defendant under arrest. All occupants of the Mercury Sable were transported to the Imperial Beach Border Patrol Station.

**CONTINUATION OF COMPLAINT:**
Oscar CARMONA-Garcia

## MATERIAL WITNESSES STATEMENTS:

Material Witness, Cresendo VENEGAS-Granados, Enrique MARTINEZ-Del Rio and Leonardo CASTILLO-Moreno admitted to being citizens and nationals of Mexico and did not possess any immigration documents that would allow them to be or remain in the United States legally. The material witnesses stated that they made arrangements in Tijuana, Baja California, Mexico, to be smuggled to the United States; they were going to pay between $1,200.00 and $2,000.00 U.S. dollars and their final destinations where to be in various locations in California. The material witnesses were able to identify the defendant as the driver of the vehicle from a six-pack photo lineup.

VENEGAS-Granados also stated that the defendant told him to get in the car and get in the front passenger seat. When he noticed that Border Patrol Agents were following them, the defendant told VENEGAS-Granados to tell the agents that he was a United States citizen

MARTINEZ-Del Rio also stated that the defendant told him to sit in the rear driver side seat. The defendant told MARTINEZ-Del Rio in the Spanish language to "hurry up or I will leave you". MARTINEZ-Del Rio said that the defendant knew he was an illegal alien because the defendant knew that MARTINEZ-Del Rio was going to cross the border illegally and was going to pick him up. He also stated that he wants the Border Patrol "to get those people who put the people who are trying to cross in danger.

CASTILLO-Moreno also stated that the defendant told him in the Spanish language to tell the agents that they had just come from the port of entry.

Executed on December 24, 2007 at 9:30 A.M.

_____
Raul Castorena
Senior Patrol Agent

On the basis of the facts presented in the probable cause statement consisting of 2 pages, I find probable cause to believe that the defendant named in this probable cause statement committed the offense on **December 23, 2007**, in violation of Title 8, United States Code, Section 1324.

_____       12/24/07 - 9:45am
Leo S. Papas                          Date/Time
United States Magistrate Judge